**UNITED STATES of America,**
**Appellee,**

v.

**Irwin SELINGER, Defendant–**
**Appellant.**

No. 05–2174–cr.

United States Court of Appeals,
Second Circuit.

Aug. 31, 2006.

Paul Shectman, Stillman & Friedman, P.C. (Nathaniel Z. Marmur, on the brief), New York, NY, for Defendant–Appellant.

John G. Martin, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Jo Ann Navickas, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN, Circuit Judge and Hon. RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

Defendant-appellant Selinger appeals his conviction on one count of securities fraud and one count of conspiracy to commit securities fraud, entered against him on April 20, 2005 (Denis R. Hurley, *Judge.*) On appeal, defendant argues that 1) the government presented an erroneous theory of materiality to the jury; 2) the district court erred in rejecting his proffered materiality charge; and 3) his waiver of a conflict with trial counsel was invalid. We assume familiarity with the facts and procedural history of this case.

■ The government did raise a qualitative materiality theory in the charging conference, but the jury instructions were correct and made no mention of a qualitative theory of materiality. The theory of materiality to which Selinger objects was presented to the jury only through the government's brief and ambiguous mention of it in summation. Given the substantial evidence that Selinger created the fraudulent accounting entries and of their effect on the company's financial situation, we are confident that the brief mention of qualitative materiality had no substantial effect on the jury's verdict. Fed. R.Crim.P. 52(a).

■ We also see no error in the district court's rejection of Selinger's proffered charge. Selinger's charge would have made explicit that the jury could only consider the materiality of those statements it found Selinger to have made. However, that distinction was plain in the charge the judge in fact gave; therefore, there was no error. *United States v. Chen,* 393 F.3d 139, 151 (2d Cir.2004).

■ Finally, Selinger claims that the district court should not have accepted his waiver of a conflict with counsel either because the conflict was unwaivable as a matter of law or because Selinger's waiver was not knowing and voluntary. We reject both arguments. Because Selinger's conflict did not implicate counsel's self-interest, it was waivable. *See United States v. Perez,* 325 F.3d 115, 124–29 (2d Cir.2003); *United States v. Fulton,* 5 F.3d 605, 613 (2d Cir.1993). Likewise, there is no evidence that Selinger did not understand the consequences of his waiver. The district judge thoroughly explained the consequences of his waiver to Selinger, at which point Selinger agreed. Furthermore, we see no merit to Selinger's contention that his waiver was per se irrational. *See Williams v. Meachum,* 948 F.2d 863, 868 (2d Cir.1991).

We have considered defendant's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the

---

* The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

Eastern District of New York is hereby **AFFIRMED.**